# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MARIO COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-203 |
| | ) | |
| SHERIFF JOHN WILCHER, | ) | |
| OFFICER BRAXTON, and | ) | |
| CPL. MUNOZ | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Mario Cook brings this 42 U.S.C. § 1983[1] action against Chatham County Sheriff John Wilcher and two officers at the Chatham County Detention Center (CCDC), seeking compensation for his injuries from a fall allegedly caused by a sink detaching from the wall and hitting his knee. *See* doc. 1. He filed an Amended Complaint alleging "cruel & unusual punishment and dangerous living condition[s]" related to the incident.

---

[1] Section 1983 states in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

1

Doc. 7.   The Court granted his Motion for Leave to proceed *in forma pauperis* (IFP), doc. 4, and he has provided all requested documentation, docs 5 & 6.   It now screens his Complaint and Amended Complaint pursuant to 28 U.S.C. § 1915A[2] to determine whether he has stated a colorable claim for relief under § 1983.

## I.   BACKGROUND

Plaintiff alleges that on June 30, 2019, a sink fell off the wall of his cell at CCDC and onto his kneecap while he was washing his clothes. Doc. 1 at 6.   The impact of the sink caused him to fall and hit his head, elbow, shoulder and back.   *Id.*   He asked another inmate to notify the "wing officer," Defendant Braxton, of his fall.   *Id.*   Braxton reported to the scene and issued Plaintiff a Jail Division Inmate Disciplinary Report

---

[2] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees.   Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official.   See 28 U.S.C. § 1915A.   The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief.   *Id.*   The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).   In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

("Disciplinary Report") for leaning on the sink and causing it to fall.  Doc. 1-1.  Plaintiff then told Defendant Corporal Munoz that he was injured, and Munoz put Plaintiff into a wheelchair.  Doc. 1 at 6.  While Plaintiff claims that he "never went to get seen for [his] injuries," and "was never seen for [his] injuries, *id.*, he describes being checked out by a nurse named "Danmbuch," doc 1 at 7.  He alleges that Nurse Danmbuch "came to check [him]" and checked his pulse, and that he told her about his injuries to his neck, back, elbow, and shoulder.  *Id.*  The Disciplinary Report confirms that Danmbuch checked Plaintiff.  Doc. 1-1.  He is not satisfied with the treatment he received, claiming that he is in pain since the incident.  Doc. 7 at 1.  He does not specifically describe his injuries, referring only to "injury" to his head, left shoulder, right elbow, lower back, and neck.  *Id.*

In his Amended Complaint, Plaintiff notes that "a lot of people have been complaining about the porcelain sinks" because they leak and move back and forward on and off the wall.  Doc. 7.  He alleges that "[t]he porcelain sinks," in general, "are not secure on the walls.  The screws that connect the sinks to the walls are detaching from the wall causing the sink [sic] to come off the wall."  Doc. 7 at 2.  That allegation implies that

3

the sink in his cell was not secure, and that the screws that connected it to the wall were detaching.  He told officers—he doesn't say who or when—about the condition of the sink and wrote grievances that were never answered.  *Id.* at 1.  His allegations, however, belie the contention that jail officials were completely unresponsive, as he expressly concedes that "the officers that worked Unit 2, one being named in this complain[t,] said that they put [a] work order in to have the sinks removed and replaced."  *Id.*

## II.   SECTION 1983 CLAIMS

Liberally construed, Plaintiff's pleadings allege violations of the Eighth Amendment, including conditions-of-confinement claims and denial-of-medical-care claims.

### A.   Claims Against Sheriff Wilcher

As an initial matter, Plaintiff names Sheriff Wilcher as a defendant in this action but does not include any factual allegations supporting a claim against him in either his initial filing or his Amended Complaint.  *See* docs. 1 and 7.  To the extent Plaintiff asserts a claim against Wilcher in his supervisory capacity as sheriff, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the

basis of *respondeat superior* or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each government-official defendant, through the individual's own actions, has violated the Constitution. *Rosa v. Fla. Dep't of Corr.*, 522 F. App'x 710, 714 (11th Cir. 2013). Because Plaintiff has not pled any facts to support a constitutional violation by Wilcher, any claims against him should be **DISMISSED**.

## B. Conditions of Confinement

The Eighth Amendment requires the state to provide humane conditions of confinement for those individuals whom it has taken into its custody. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). This includes the requirement that they "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation marks and citation omitted). A prison official violates the Eighth Amendment when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (emphasis omitted) (quoting *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir.

5

2003)).  In other words, the prison official must be deliberately indifferent to a risk of serious harm to the inmate.  *Thomas v. Bryant*, 614 F. 3d 1288, 1312 (11th Cir. 2010).  To establish deliberate indifference, a plaintiff must show: (1) an official's subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.  *Id.*  The risk of harm must be "objectively, sufficiently serious" and result "in the denial of the minimal civilized measures of life's necessities" to support a constitutional violation.  *Farmer*, 511 U.S. at 834.

Even assuming Plaintiff has alleged facts demonstrating that the sink posed a substantial risk of harm sufficient to satisfy the objective element of an Eighth Amendment claim, he fails to allege that any of the defendants had subjective knowledge of the sink's condition, recognized that the sink posed a substantial risk of serious harm, or acted with more than mere negligence.  *See, e.g., McKnight v. McDuffie*, 2007 WL 1087280, at *4 (S.D. Ga. April 9, 2007).  Plaintiff asserts that he told "officers" about the condition of his sink and that "a lot of people have been complaining about the porcelain sinks."  Doc. 7 at 1.  However, his assertions do not identify which "officers" he told about the sink's

6

condition.  *See id.*  He also refers to grievances he wrote.  *Id.*  While these actions might demonstrate that some unnamed officers knew that Plaintiff complained about his sink's condition, it does not show that the defendants had sufficient knowledge of the sink's condition or recognized that it posed a serious risk to Plaintiff.  *See Moore v. Entrekin*, 2017 WL 4681810, at *5 (N.D. Ala. April 18, 2017) *adopted* 2017 WL 4650852 (N.D. Ala. October 17, 2017) (stating that even if plaintiff could demonstrate that defendant officials knew that plaintiff's bed was missing bolts and nuts, "he must further show a strong likelihood of injury to the plaintiff existed.").

Finally, even if Plaintiff alleged that the defendants had subjective knowledge of the sink's condition, and that they knew that the sink posed a serious threat of harm, he has not alleged that any failure to act immediately to correct the problem constitutes more than mere negligence.  For example, in *McKnight*, the Court found that written communication and letters about the condition of a bunk bed that ultimately collapsed on the plaintiff were not sufficient to find that the sheriff had actual knowledge of any dangerous condition.  2007 WL 1087280, at *5.  The Court went on to find that, even if the plaintiff could

establish that the sheriff was aware of a dangerous condition, he could not show that the sheriff's failure to take immediate action to correct the problem constituted more than mere negligence. *Id.* (finding that even if sheriff acted negligently, that a prison official's negligence in failing to protect an inmate from a risk of harm does not give rise to a cause of action under § 1983).

Unlike McKnight, Cook positively alleges that officials took action. His Amended Complaint states that "officers that worked Unit 2, one being named in this complain[t,] said that they put [a] work order in to have the sinks removed and replaced." Doc. 7 at 1. At most, his allegations support a claim that one of the officers named in the complaint (he does not indicate which one) knew about his sink's condition and put in a work order to have it replaced. The officer's action directly contradicts any claim that that officer, at least, was deliberately indifferent to Plaintiff's physical safety. *See, e.g., Moore*, 2017 WL 4681810 at *6 (collecting cases where an official's knowledge of the dilapidated condition of a bunk bed is insufficient to impute deliberate

indifference to the prisoner's physical safety to that official).  Accordingly,

Plaintiff's conditions of confinement claims should be **DISMISSED.** [3]

### C.   <u>Denial of Medical Care</u>

A government official's "deliberate indifference to the serious

medical needs of prisoners . . ." also violates the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Pleading such a violation

requires that (1) the prisoner suffered a sufficiently serious medical need;

(2) to which the defendants were deliberately indifferent; (3) resulting in

an injury.   *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

"[A] serious medical need is considered one that has been diagnosed by a

physician as mandating treatment or one that is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention."

*Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations

and quotations omitted).   A plaintiff's mere disagreement with the

medical care provided does not, however, amount to a constitutional

violation.  *See McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999)

---

[3]  The opportunity to object to this R&R within 14 days, discussed below, affords plaintiff an opportunity to resuscitate his claim.  He may submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above.  *See Willis v. Darden*, 2012 WL 170163, at * 2 n. 3 (S.D. Ga. Jan. 19, 2012) (citation omitted).

(citation omitted) ("However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'").   Moreover, 'malpractice' allegations do not suffice. *Jackson v. Franks*, 2012 WL 6626020, at * 1 (S.D. Ga. Dec. 19, 2012).

Plaintiff has failed to plead that he suffered a serious injury necessitating medical attention.  He states that he suffered unspecified injuries to his head and neck, left shoulder, right knee, right elbow, and lower back.  Docs. 1 at 6; 7 at 1.  The extent of these injuries is unclear. General allegations of head and back injuries, without detail as to their extent or necessary treatment, cannot support a § 1983 claim.  *See Young v. Holmes*, 2009 WL 2914188, at *3 (S.D. Ga. Sept. 3, 2009); *see also Burley v. Upton*, 257 F. App'x 207, 211 (11th Cir. 2007) ("[L]ower back pain is not the type of serious condition this circuit requires."); *Martin v. City of New York*, 2012 WL 1392648, at *9 (S.D.N.Y. April 20, 2012) ("bodily injuries sustained from a slip-and-fall on a wet floor simply do not rise to the level of a constitutional violation").  Plaintiff does indicate that at the time of his fall he felt severe pain, and that he is still feeling pain in these areas, sometimes preventing him from falling asleep.  Doc. 7 at 1.  While this pain could indicate injuries that are objectively serious

enough to survive dismissal, in the absence of more specific allegations that the injuries plaintiff suffered amounted to a "serious medical need," he fails to state a claim upon which relief can be granted.

Plaintiff has also failed to allege that the prison officials' conduct was deliberately indifferent. Plaintiff's allegation that he was checked out by a nurse after the incident positively contradicts his allegation that he "never went to get seen for [his] injuries." Doc. 1 at 6-7. His disagreement with the nurse's course of treatment is not enough to state a cognizable claim. *See Hamm v. Dekalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although [Plaintiff] may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."); *Young*, 2009 WL 2914188, at *3.

Plaintiff does suggest that Nurse Danmbuch indicated that he would need to get an x-ray to see if he damaged anything to his body, and an MRI to see if his brain was damaged. Doc. 1 at 7. "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice. . . ." *Estelle*, 429 U.S. at 107. If, however, Plaintiff did not receive the diagnostic x-ray or MRI mentioned by the nurse because of delays for non-medical reasons,

or because prison officials knowingly interfered with this prescribed course of treatment, then Plaintiff's claim might survive. *See Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). At this point, without more, he has not alleged the "deliberate indifference" necessary to support a violation of the Eighth Amendment.

Plaintiff's Complaint does not state a § 1983 claim for inadequate medical care. However, the allegations suggest that he could remedy these failings by providing additional factual detail as to the seriousness of his injuries **and** additional factual detail as to the reason he was never taken for further diagnostic testing after his fall. A *pro se* plaintiff is entitled to at least one opportunity to amend potentially viable claims. *Jenkins v. Walker*, 620 F. App'x 709, 711, (11th Cir. 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc)) ("When a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action."); *see also* Fed. R. Civ. P. 15(a)(2)(courts should grant leave to amend "freely . . . when justice so requires"). Accordingly, the Court will afford him a single

opportunity to amend his complaint to more fully plead his claim that prison officials were deliberately indifferent to a serious medical need.

Plaintiff is **DIRECTED** to file an amended complaint no later than fourteen days from the date of this order correcting the deficiencies noted above.[4]  Plaintiff, however, is advised that his amended complaint will supersede the original complaint and therefore must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading").  Failure to comply will result in a recommendation of dismissal.

---

[4] Under the "prison mailbox rule," any reply will be deemed filed on the day Cook submits it to prison authorities for mailing.  *See, e.g., Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2. (11th Cir. 2009) ("Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other records, we will assume that [a prisoner's] motion was delivered to prison authorities the day he signed it . . . .").

III.   **CONCLUSION**

In summary, Defendant Sheriff Wilcher should be **DISMISSED** from this action.  Plaintiff's claim for an Eighth Amendment violation based on the conditions of his confinement should be **DISMISSED.** Finally, Plaintiff is **DIRECTED** to file an amended complaint addressing the defects in his claim that he was denied medical care, discussed above, no later than fourteen days from the date of this order.

Meanwhile, it is time for plaintiff to pay his filing fees.  Plaintiff's prisoner trust fund account statement reflects $63.66 in average monthly deposits.  Based upon his furnished information, he owes a $12.73 initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Furthermore, the custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service,

14

any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED and REPORTED and RECOMMENDED**, this 21st day of May, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA